## EVANS v. EVANS.
No. 38986-C.

Circuit Court, Palm Beach County.

July 9, 1962.

Warwick, Paul & Warwick, West Palm Beach, for plaintiff.

Alley, Maass, Rogers & Lindsay, Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

The parties to this cause were divorced on October 1, 1958. The final decree approved an agreement between the parties providing, among other things, for the defendant husband to pay the plaintiff the sum of $1,000 a month as alimony and for the support of their two minor children, of which plaintiff was granted custody.

The cause is now before the court upon plaintiff's petition for increase in alimony and support payments, based upon an alleged change of circumstances since entry of the final decree. The "change" relates principally to an increase in the cost of living.

In her testimony, plaintiff estimated the amount of increase in her cost of living since the final decree to be "at least $150 a month," including such items as taxes, food and clothing. The

evidence did not specify any particular basis for plaintiff's estimate, nor did it provide a breakdown of the alleged increase in her expenses. The defendant has assisted plaintiff financially at various times, over and above the requirements contained in the agreement between the parties. Plaintiff has a 1961 Thunderbird automobile, bought second hand for a gross price of $4,000.

To justify a modification of the final decree regarding payments for alimony and child support, the evidence must show a change in the circumstances of the parties; i.e., the needs of the wife or minor children, or the financial ability of the husband. The record is silent as to the circumstances and financial ability of the defendant at the time of the final decree and at the present time.

While in plaintiff's estimation her living costs have increased since the final decree, there is no indication that such increases were peculiarly different from those common to others, including the defendant. It is therefore fair to presume that the increase in her living costs has been accompanied by a similar increase as to defendant; so that his financial ability to pay increased amounts would be impaired to a degree roughly corresponding to plaintiff's enlarged needs. In the absence of evidence showing a betterment of defendant's general financial condition, it must be held that these circumstances do not warrant a finding that a "change" has occurred within the meaning of the requirement in that regard. It is therefore ordered and decreed that plaintiff's petition be, and the same is hereby denied.